REVERE LAND COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6967.  Promulgated October 29, 1946.

*Thomas Watson, Esq.*, for the petitioner.
*J. H. Miller, Esq.*, for the respondent.

## OPINION.

LEECH, *Judge*: It is generally true that a lessor may not deduct depreciation upon improvements placed on leased premises by the lessee at the expense of the lessee. In those cases, however, the lessor has no investment represented by its cost of such improvements. Consequently the lessor has nothing to depreciate.

But here we have an entirely different situation. The petitioner contributed $1,026,227.50 of the cost incurred in the erection of the building by the lessee. This payment was not an advance to be repaid by the lessee, but constituted a capital investment by the lessor in the building. This investment will not be returned to the lessor unless by deductions for depreciation, as the normal life of the building is less than the term of the lease, or unless by the terms of the lease the lessee is obligated to make good to the lessor, at the termination of the lease, such loss in value as the improvements have sustained through depreciation or obsolescence.

Respondent makes two contentions with respect to his refusal to allow deduction for depreciation. The first is that the payment by petitioner of a portion of the cost of the building was, in reality, an additional cost to petitioner of the land leased.

We do not agree. The stipulated facts are that petitioner had acquired full and complete title to the land prior to the execution of the lease. The payment in question by petitioner toward the cost of the building had no connection whatever with the acquisition of the land. The payment constituted, in our opinion, a cost to petitioner of the building erected.

The second contention of respondent is that petitioner will not sustain a loss of this investment upon the termination of the lease even if depreciation is denied. In support of this contention he cites: *Terre Haute Electric Co.* v. *Commissioner*, 96 Fed. (2d) 383; *Georgia Railway & Electric Co.* v. *Commissioner*, 77 Fed. (2d) 897; certiorari denied, 296 U. S. 601; *Atlantic Coast Line Railroad Co.* v. *Commissioner*, 81 Fed. (2d) 309 (affirming 31 B. T. A. 730) ; certiorari denied, 298 U. S. 656; and *Mississippi River & Bonne Terre Railway*, 39 B. T. A. 995.

The cases cited are included in a well known line of decisions holding that where the obligation assumed by the lessee is such that it is obligated at the expiration of the lease to return the property in the same condition as when received, the lessee is bound by such covenant to restore all depreciation and obsolescence, or to compensate the lessor for any such loss. The rule there announced is that the covenant against loss to the lessor precludes its deduction of depreciation, since it will not suffer a loss due to exhaustion of its assets.

We think the cited cases have no aplication here. Under the present lease, at its termination, the lessee is not bound to restore the property with the building in the same condition as when received, or to compensate the lessor for the loss of its investment in the depreciable improvements. The lessee is obligated merely to "keep in good order and repair inside and out all buildings and structures hereafter constructed on or appurtenant to said premises, including any and all equipment which may be therein contained, and shall from time to time make renewals and replacements of such equipment so that at all times said buildings, structures and equipment shall be in good order, condition and repair."

Thus, even if the lessee fully complies with this condition of the lease, that fact will not prevent the building or buildings on the premises from becoming depreciated or obsolete by the end of the lease. This has been generally recognized by the courts. *Alaska Realty Co. v. Commissioner*, 141 Fed. (2d) 675; *Commissioner v. Terminal Railroad Association of St. Louis*, 89 Fed. (2d) 739; *St. Paul Union Depot Co. v. Commissioner*, 123 Fed. (2d) 235; *A. Wilhelm Co.*, 6 B. T. A. 1.

Our most recent application of this rule occurred in *Charles Bertram Currier*, 7 T. C. 980. There the tenant had, at its own cost, erected upon leased premises a building with a useful life less than the term of the lease. The lease provision only obligated the tenant to maintain and keep the property in good condition and repair, such provision being similar in effect to that existing here. By devise, upon the death of the lessor, the leased property came to the owner taxpayer and, because of the fact that the property was included in the estate of the lessor, the devisee had a capital investment in the building by reason of the incidence of the estate tax. We held that, since the lease placed no obligation upon the lessee to indemnify the taxpayer-owner against loss by obsolescence and the leased premises would, in fact, depreciate even though maintained in good repair, the taxpayer was entitled to depreciation of a capital interest in the improvements.

Respondent points to one clause in the lease which provides that if, at any time during the term of the lease or renewal thereof, the buildings then upon the leased premises are deemed by the lessee to have become obsolete, the lessee, in that event, shall have the right and privilege to remove the buildings, provided it replace them with a building

or buildings to cost not less than $2,000,000. It is argued that under this proviso it is highly improbable that the lessor will ever suffer a loss by reason of depreciation or obsolescence of improvements. This provision of the contract, however, places no obligation on the lessee. It merely gives the lessee an option to replace the building if it so desires. This is obviously no guarantee to the lessor against loss by reason of obsolescence.

The parties have stipulated that the useful life of the Grant Building is 50 years. We hold that petitioner is entitled to the deduction of depreciation at the rate of 2 per cent upon its capital investment of $1,026,227.50 for each of the 3 taxable years.

*Decision will be entered under Rule 50.*