NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4522
_____

ARTHUR I. APPLETON, JR.

v.

COMMISSIONER OF INTERNAL REVENUE

*GOVERNMENT OF THE
UNITED STATES VIRGIN ISLANDS,
Appellant
*(Pursuant to Rule 12(a), Fed. R. App. P)
_____

Appeal from the United States Tax Court
(Tax Court No. 10-7717)
Tax Court Judge: Honorable Julian I. Jacobs
_____

Argued April 27, 2011

Before:  SCIRICA, RENDELL and AMBRO, <u>Circuit</u> <u>Judges</u>

(Opinion Filed: June 10, 2011)
_____

Vincent F. Frazer
Office of Attorney General of Virgin Islands
Department of Justice
34-38 Kronprindsens Gade,
GERS Complex, 2nd Floor
Charlotte Amalie
St. Thomas, VI  00802

Barry J. Hart, Esq.
Peter N. Hiebert, Esq.
Gene C. Schaerr, Esq.   **[Argued]**
Winston & Strawn

1700 K Street, N.W.
Washington, DC  20006
  *Counsel for Appellant*

Randall P. Andreozzi, Esq.
Teia M. Bui, Esq.
Edward Doyle Fickess, Esq.
Ryan M. Murphy, Esq.
Andreozzi Fickess
9145 Main Street
Clarence, NY  14031
  *Counsel for Appellee*
  *Arthur I. Appleton, Jr.*

Justin L. Campolieta, Esq.
Internal Revenue Service
33 Maiden Lane, 12th Floor
New York, NY  10038

John DiCicco, Esq.
Kenneth L. Greene, Esq.
Jennifer M. Rubin, Esq.    **[Argued]**
U.S. Department of Justice Tax Division
950 Pennsylvania Avenue, N.W.
P.O. Box 502
Washington, DC  20044

William J. Wilkins, Esq.
Internal Revenue Service
1111 Constitution Avenue, N.W.
Washington, DC  20224
  *Counsel for Appellee*
  *Commissioner of Internal Revenue*

_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

The Government of the United States Virgin Islands ("Government") brings this challenge to the United States Tax Court's denial of the Government's motion to

2

intervene pursuant to Rule 1(b) of the Tax Court Rules of Practice and Procedure, and under Rule 24 of the Federal Rules of Civil Procedure. We have jurisdiction to review this matter pursuant to 26 U.S.C. § 7482(a)(1).[1] We conclude that the Tax Court abused its discretion when it denied the Government permission to intervene pursuant to Rule 24(b)(2). We will remand to the Tax Court for further proceedings consistent with this opinion.

On April 1, 2010, Appleton filed a timely Tax Court Petition to challenge as void the tax assessments leveled against him by the Internal Revenue Service ("IRS") because, inter alia, the assessments were imposed after the expiration of the statute of limitations, 26 U.S.C. § 6501(a). Under Section 932 of the Internal Revenue Code, Virgin Islands residents, like Appleton, are required to pay income tax directly to the Bureau of Internal Revenue ("BIR"), not the IRS, pursuant to the "mirror code", where the term "Virgin Islands" is substituted for the "United States" in the Internal Revenue Code. Yet, the IRS retains audit and assessment powers. Congress also enacted a specific provision directing that if a taxpayer's income is "derived from sources within the Virgin Islands or income effectively connected with the conduct of a trade or business within the Virgin Islands," the taxpayer is entitled to certain tax credits pursuant to the Virgin Islands Economic Development Program ("EDP"), which is authorized by 26 U.S.C. § 934.

Appleton took advantage of the credits available through the EDP when calculating his income tax payable to the BIR for the tax years 2002-2004. On November

---

[1] Venue is appropriate in this Court under 26 U.S.C. § 7482(b)(1)(A), as Arthur Appleton, the Petitioner in the underlying Tax Court proceedings, is a legal resident of the Virgin Islands.

25, 2009, the IRS delivered a notice of deficiency to Appleton in relation to these tax years, despite the existence of § 6501(a), the three-year statute of limitations on assessments. The IRS has taken the position, pursuant to a "Chief Counsel Advice" memorandum, that the "statute of limitations on assessment in section 6501(a) does not begin to run until a return is filed with the IRS," not the BIR. It is this position by the IRS, and the resulting assessments on Virgin Islands taxpayers, that caused the Government to file a motion, dated June 18, 2010, seeking to intervene for the purposes of the statute of limitations issue, either as of right pursuant to Rule 24(a)(2), or in the alternative, permissively, pursuant to Rule 24(b)(2). The Government argued that a ruling in favor of the IRS on the statute of limitations issue would have a chilling effect on the EDP, as it leaves open to question and subject to audit the tax returns of those taking advantage of the program for an extended period of time. On November 1, 2010, the Tax Court denied the Government's motion by memorandum opinion and order. The Tax Court reasoned that the Government's interest was insufficient to warrant intervention of right, and, because the statute of limitations issue is a cornerstone of Appleton's defense, permitting the Government to intervene would be redundant and would risk delay. As alternative relief, the Tax Court did grant the Government the right to file an amicus brief. Despite this, on November 23, 2010, the Government appealed to this Court.

We need not rule on the issue of intervention of right because we conclude that, at the very least, the Government should have been permitted to intervene under Rule 24(b)(2).

Under Rule 1(b) of the United States Tax Court Rules of Practice and Procedure, in the absence of express rule, the Tax Court "may proscribe the procedure, giving particular weight to the Federal Rules of Civil Procedure to the extent that they are suitably adaptable to govern the matter at hand." We can discern no reason why permissive intervention pursuant to Rule 24(b)(2) should not be available to parties in the Tax Court. *Sampson v. Commissioner*, 710 F.2d 262, 264 (6th Cir. 1983); *Estate of Dixon v. Commissioner*, 666 F.2d 386, 388 (9th Cir. 1982). Rule 24(b)(2) requires:

> On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:
> **(A)** a statute or executive order administered by the officer or agency; or
> **(B)** any regulation, order, requirement, or agreement issued or made under the statute or executive order.

Additionally, the Tax Court is directed by Rule 24(b)(3) that, when "exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Thus, permissive intervention under Rule 24 requires (1) the motion to be timely, (2) the potential intervener be a "federal or state governmental officer or agency", (3) the issue must be based on a statute, executive order, or regulation which is administered by the entity, and (4) the intervention may not cause undue delay or prejudice to the original parties' rights.

The first and second requirements are easily satisfied here. The third requirement also appears to be satisfied, as Appleton's tax assessments are based on an income calculation which takes into account credits created pursuant to 26 U.S.C. § 934, under the Government's EDP. It is, thus, the last requirement that is at issue, namely the Tax Court's conclusion that the Government's request should be denied due to what in its view would amount to a redundancy of the issues and a resulting delay in the resolution

5

of the underlying matter. Specifically, the Tax Court noted in its opinion that the "movant has neither demonstrated that its participation as a party is necessary to advocate for an unaddressed issue nor shown that its intervention will not delay the resolution of this matter."[2] This, however, is not the appropriate standard to consider when deciding to allow a party to permissively intervene.

While any intervention could potentially cause delay, Rule 24(b) requires the court to consider whether this intervention will cause "undue delay," or "prejudice the adjudication of the original parties rights." The redundancy noted by the Tax Court due to identity of interest should only be a bar to intervention when it has the adverse effect of "undue delay" or "prejudice." *See Hoots v. Commonwealth of Pa.*, 672 F.2d 1133, 1136 (3d Cir. 1982)( "[W]here … the interests of the applicant in every manner match those of an existing party and the party's representation is deemed adequate, [a court] is well within its discretion in deciding that the applicant's contributions to the proceedings would be superfluous and that any resulting delay would be "undue."). That is not the case here. There is no support for the notion that any delay here would be "undue," or that the Government's arguments would prejudice either Appleton or the IRS. While the issue that concerns both the Government and Appleton is the same, namely, the statute of limitations, the Government's interest in the proceedings is certainly different from Appleton's interest in dealing with this one-time tax adjustment. The fact that the Government's interest is somewhat different detracts from the argument that the proceedings will be "redundant." To the contrary, they will be complementary and the

---

[2] The IRS' fear that this litigation will be delayed lies in stark contrast to its own desire to delay the commencement of proceedings by doing away with the statute of limitations.

Government's interest will bolster Appleton's argument. As to the "delay," any introduction of an intervener in a case will necessitate its being permitted to actively participate, which will inevitably cause some "delay." "Undue" means not normal or appropriate. Webster's II New Riverside University Dictionary 1259 (1988). Here, there may be additional discovery needed due to the Government's being in the case, but it would seem to be highly appropriate that time be allowed in order to consider the evidence it brings forth regarding this issue of importance not only to Appleton, but to others, including the Government.

While we do not decide the "right" of the Government to intervene, we cannot ignore its interest. The Government's interest is based on its desire to protect the Virgin Islands tax structure, or more accurately, the EDP. This interest was granted by Congress to give the Virgin Islands a mechanism to improve its economy. The Government urges that its interest, and the potential harm from the IRS's audits, is great, citing statistics that the EDP amounted to 20% of the Virgin Islands budget and 8% of its employment prior to the commencement of the delayed audits and assessments. Moreover, the Appleton case could set a precedent as to future statute of limitation challenges if the IRS is successful in the Tax Court on the issue. Rule 24(b)(2) specifically provides for governments to protect their interests in matters in litigation; here, that interest is very real and is different from Appleton's, and any delay caused by their participation in the case will inure to Appleton's benefit, not prejudice. Moreover, the IRS has not asserted that its ability to adjudicate its rights would be prejudiced.

Accordingly, it is clear to us that the Tax Court abused its discretion by not considering whether the Government's intervention would cause "undue delay" or "prejudice." Additionally, as Congress thought it important enough to afford the Government this mechanism to improve its economy, and the Rule permits it to protect its interest through intervention, we will direct the Tax Court to allow the Government of the Virgin Islands to intervene in Appleton's proceedings pursuant to Rule 24(b)(2). Therefore, we will remand this matter to the Tax Court, and require that the Government of the Virgin Islands be permitted to intervene pursuant to Fed. R. Civ. P. 24(b)(2).

AMBRO, Circuit Judge, dissenting

I agree with my colleagues' conclusion that the Tax Court has the discretion to allow permissive intervention pursuant to Rule 24(b)(2), but disagree that the Tax Court abused its discretion in denying permissive intervention here.

As the majority points out, permissive intervention under Rule 24 requires (1) a timely motion to intervene by (2) a federal or state governmental officer or agency (3) raising an issue that is based on a statute, executive order, or regulation that is administered by the entity; in addition, (4) intervention must not cause undue delay or prejudice to the initial parties' rights. I agree that the first two requirements are easily satisfied here. Contrary to my colleagues' view, the third requirement was contested by the Internal Revenue Service.[1] However, I shall assume (as did the Tax Court) that the V.I. Government meets the third requirement, as my disagreement is with the majority's

---

[1] The majority states that Appleton's tax assessments incorporate credits pursuant to 26 U.S.C. § 934, which falls under the Virgin Islands' Economic Development Program, and thus is administered by the V.I. Government. The IRS argues that this is irrelevant and incorrect. It is irrelevant because the statute of limitations question does not implicate § 934, which states that the V.I. Government may only reduce tax liability if it is attributable to income connected with a V.I. trade or business. It is incorrect because § 934 is not in the "mirror code" (the version of the Internal Revenue Code that applies to V.I. residents, in which the term "Virgin Islands" is substituted for "United States"), and subsection 934(b) says that the Secretary of the United States Treasury shall promulgate regulations to define whether income is derived from sources in the V.I. or connected with a V.I. trade or business. As the IRS notes, "[w]hile I.R.C. § 934 may provide the [V.I.] with guidance as to its tax structure, the Commissioner—not the [V.I. Government]—administers the provisions of that provision." IRS Br. 64.

analysis of the fourth.

Although it did not use the precise phrases "undue delay" and "prejudice," the Tax Court concluded that the V.I. Government's intervention would result in just that. Thus, a careful reading of the Tax Court's opinion refutes the majority's conclusion that "[t]here is no support for the notion that any delay here would be 'undue,' or that the [V.I.] Government's arguments . . . would prejudice . . . the IRS." As the Tax Court reasoned,

> [Appleton] has raised the period of limitations issue, and we
> presume the matter will be fully vetted during the normal course of
> these proceedings. For [the V.I. Government] to participate in this
> case as a party solely to make an argument that [Appleton] has
> already identified as a matter central to his case would introduce a
> redundancy into the proceedings. . . . Were we to grant the motion
> to intervene, [the V.I. Government] would become a party to the
> proceeding in this Court and have the right to introduce documentary
> evidence, call its own witnesses, and cross-examine witnesses of the
> other parties. Such participation, as a practical matter, could result
> in trial complications as well as delay the resolution of this issue in
> which [the V.I. Government] asserts an interest.

A20 -21. Because the Court found that the V.I. Government's interests would be well represented by Appleton, who has counsel and "has made the expiration of the section 6501(a) period of limitations a cornerstone of his case," it concluded that the redundancy, complications, and delay arising from the V.I. Government's intervention would be undue, and would prejudice the IRS. *Id.* at 19. When viewed together with the fact that the Tax Court permitted the V.I. Government to file an *amicus curiae* brief, I do not believe this was an abuse of discretion.

2

My colleagues characterize the V.I. Government's interest in this case as a desire to protect legitimate, congressionally sanctioned use of its Economic Development Program ("EDP"). I am skeptical. They cite the V.I. Government's statistics that the EDP accounted for 20% of its budget and 8% of employment in the V.I. prior to the IRS' delayed audits and assessments. But they fail to mention that the IRS only began audits after it discovered widespread abuse of the EDP. Thus, we cannot attribute a decline in participation to a fear of endless audits, as opposed to the IRS' investigation of possible fraudulent use of the program.

My colleagues also fail to mention that in 2006 the IRS promulgated a regulation that "fixes" the statute of limitations problem of which the V.I. Government complains. Under Treas. Reg. § 1.932-1(c)(2)(ii), the IRS allowed the filing of territorial income tax returns to trigger the start of the limitations period under § 6501.[2] Thus, the issue about which the V.I. Government expresses ongoing alarm no longer exists.

It is true, as the majority states, that "Rule 24(b)(2) specifically provides for governments to protect their interests in matters in litigation . . . ." However, by allowing the V.I. Government to submit an *amicus curiae* brief, I believe the Tax Court provided it

---

[2] This regulation treats territorial returns as federal returns for statute of limitations purposes, provided that the United States Government and the V.I. Government have entered into an agreement allowing for the routine exchange of income tax information, which they have. *See* I.R.S. Notice 2007-31, 2001-1 C.B. 971. I cannot help but wonder if, prior to the IRS' audits, the V.I. Government declined to share territorial returns with the IRS. If that were the case, the V.I. Government's position would mean that the IRS was prevented practically from auditing Virgin Islands taxpayers before expiration of the limitations period. Surely we can all agree that the IRS has the right, and indeed the obligation, to investigate illegitimate use of tax incentives.

sufficient opportunity to do so.  In sum, because I disagree that the Tax Court failed to consider, or erred by concluding, that the Government's intervention would cause undue delay, I respectfully dissent.