# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-1362

———————

Judith S. Coffey,

    Appellee,

v.

Commissioner of Internal Revenue,

    Appellee,

v.

Government of the United States
Virgin Islands,

    Appellant.

Appeal from the
United States Tax Court.

———————

Submitted: September 20, 2011
Filed: December 2, 2011

———————

Before MELLOY, SMITH and BENTON, Circuit Judges.

———————

BENTON, Circuit Judge.

In 2009, Judith S. Coffey received a notice of deficiency from the Internal Revenue Service. She contested the assessments, asserting the time bar in 26 U.S.C. § 6501(a). Claiming an interest in this issue, the government of the United States Virgin Islands (USVI) sought to intervene, either as of right under Civil Rule 24(a)(2), or permissively under Civil Rule 24(b)(2). The tax court denied

intervention. The USVI appeals. Having jurisdiction under 26 U.S.C. § 7482(a)(1), this court reverses and remands.

Although a U.S. territory, the USVI is a separate taxing entity. In 1922, Congress authorized USVI taxpayers to pay their income tax to the territory's Bureau of Internal Revenue, rather than to the IRS. The IRS retains audit and assessment powers. The USVI receives the taxes paid and administers a "mirror code" of the Internal Revenue Code that substitutes "Virgin Islands" for "United States." **26 U.S.C. §§ 932(c)(2)**, **7654(a)**; **48 U.S.C. § 1397**. By paying their income tax directly to the USVI, USVI residents discharge their U.S. tax liability. **26 U.S.C. §§ 932(c)(4)**, **6012**.

Congress has authorized a unique economic development program for the USVI. Under the EDP, USVI residents may exempt from income tax 90 percent of their "income derived from sources within the Virgin Islands or income effectively connected with the conduct of a trade or business within the Virgin Islands." **26 U.S.C. § 934**; **29 V.I.C. § 713(b).**

Coffey worked in the USVI from 2003 to 2006. She filed tax returns with the USVI each year, claiming the EDP credit. On September 28, 2009, the IRS issued a notice of deficiency to Coffey for tax years 2003 and 2004. According to the IRS, Coffey failed to pay taxes to the IRS for those tax years and improperly claimed the EDP credit. She disagreed, invoking the three-year statute of limitations. The IRS relied on its 2006 announcement that the three-year statute of limitations is triggered only by filing a return with the IRS, not by filing a return with the USVI.[1]

---

[1] The IRS has since announced that for tax years ending on or after December 31, 2006, returns filed with the USVI by a USVI resident trigger the three-year statute of limitations. *See* **Treas. Reg.** § 1.932-1(c)(2)(ii) (2011), *amending and supplementing* **Chief Counsel Advice Mem.** 200624002, Notice 2007-31, 2007-16 I.R.B. 971 (Apr. 16, 2007). This announcement does not affect Coffey.

The USVI moved to intervene only on the statute-of-limitations issue, either as of right or permissively. The USVI contended that an IRS victory on that issue would devastate its EDP and significantly hamper the USVI's ability to administer its tax laws. The tax court denied the USVI's motion, citing its decision in another case.[2] *See **Appleton v. Comm'r**,* 135 T.C. 461 (2010), *rev'd*, 430 Fed. Appx. 135 (3d Cir. 2011). The USVI appeals.

This is an issue of first impression for this court. The Third Circuit addressed this issue, reversing the tax court's decision in *Appleton*. **Id.** *See also **Cooper v. Comm'r**,* No. 11810-10 (T.C.), No. 11-10617 (11th Cir.) (appeal pending); ***Huff v. Comm'r**,* No. 12942-09 (T.C.), No. 11-10608 (11th Cir.) (appeal pending); ***McGrogan v. Comm'r**,* No. 456-10 (T.C.), No. 11-11526 (4th Cir.) (appeal pending); ***McHenry v. Comm'r**,* No. 7568-10 (T.C.) No. 11-1366 (4th Cir.) (appeal pending).

The IRS asserts that the USVI lacks standing to intervene. "Article III standing is a prerequisite for intervention in a federal lawsuit." **Standard Heating & Air Conditioning Co. v. City of Minneapolis**, 137 F.3d 567, 570 (8th Cir. 1998). Constitutional standing requires a showing of: (1) an injury in fact, which is an invasion of a legally protected interest that is concrete, particularized, and either actual or imminent; (2) causation; and (3) redressability. **Curry v. Regents of Univ. of Minn.**, 167 F.3d 420, 422 (8th Cir. 1999), *citing **Mausolf v. Babbitt**,* 85 F.3d 1295, 1301 (8th Cir. 1996).

The IRS does not dispute the last two elements, but argues that the USVI lacks injury to a legally protectable interest. The IRS contends the USVI's interest in the

---

[2] *Appleton* is nearly identical to this case, except that the taxpayer there continues to reside in the USVI and the IRS does not contest his residency. In this case, the IRS contests Coffey's bona fide USVI residency for tax years 2003 and 2004. At the intervention stage, this distinction is irrelevant.

EDP is "hypothetical," because the USVI can administer the EDP regardless of the tax court's ruling on the statute of limitations.

To the contrary, Congress gives the USVI unique statutory authority to create, define the scope of, and effectuate the EDP that is fueled by the income tax exemption. **26 U.S.C. § 934(b)**; *see also* **Tax Implementation Agreement, § 1277, 100 Stat. 2085 (1986)** (statute requiring the IRS and the USVI's Bureau of Internal Revenue to exchange information and coordinate their administration of Sections 932 and 934). Where Congress has been "most deliberate" in giving territorial law the effect of federal law, "courts may not be insensitive to the request by the official charged with administering the [territory's] laws to appear as a party to urge the construction of the federal statute that he claims is necessary to secure the [territory's] interests, and hence the congressional objectives." *Nuesse v. Camp*, 385 F.2d 694, 701 (D.C. Cir. 1967) (allowing a state banking commissioner to intervene in a suit by a state-chartered bank against the U.S. Comptroller, about the interpretation of federal laws that gave "national legal force" to state law). The USVI has a legally protected interest in an effectual EDP, which could be concretely and particularly impacted by the tax court's interpretation of the statute of limitations. Based on the statutory authority, the USVI has presented sufficient evidence of an injury in fact.

This court reviews the denial of permissive intervention for abuse of discretion. *Medical Liability Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1009 (8th Cir. 2007). Reversal of a decision denying permissive intervention is "extremely rare," reserved for situations when the district court clearly abused its discretion and failed to "articulate[] a legitimate reason for denying the Rule 24(b) motion." *South Dakota ex rel. Barnett v. United States Dep't of Interior*, 317 F.3d 783, 787-88 (8th Cir. 2003). Nevertheless, a district court by definition abuses its discretion when it makes an error of law. *McCabe v. Parker*, 608 F.3d 1068, 1082 (8th Cir. 2010), *citing United States v. Gonzalez-Lopez*, 403 F.3d 558, 564 (8th Cir. 2005) (internal quotations omitted).

-4-

Rule 24(b)(2)-(3) provides that:

> On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on: a statute or executive order administered by the officer or agency; or any regulation, order, requirement, or agreement issued or made under the statute or executive order. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Rule 24(b) requires a proposed intervenor to (1) file a timely motion, (2) be a federal or state governmental officer or agency, (3) administer the statute, executive order, or regulation at issue, and (4) not cause undue delay or prejudice to the original parties' rights, if allowed to (permissively) intervene. *Appleton*, 430 Appx. at 137 (applying Rule 24(b)(2) to tax court proceedings).

This court agrees with the Third Circuit's analysis in the *Appleton* case. The USVI easily satisfies the first two requirements of Rule 24(b)(2) of timely filing and governmental status; the USVI also meets the third requirement, as it administers the EDP. *Id.* The only issue is whether intervention will unduly delay or prejudice the original parties' rights.

The tax court here, as in *Appleton,* concluded that the USVI "has neither demonstrated that its participation as a party is necessary to advocate for an unaddressed issue nor shown that its intervention will not delay resolution of this matter." *Appleton v. Comm'r*, 135 T.C. 461, 469 (2010), *adopted by* *Coffey v. Comm'r*, No. 4720-10 (T.C. order of Jan. 12, 2011). The tax court further noted that the USVI's proposed participation in the lawsuit "could result in trial complications as well as delay the resolution of the issue in which movant asserts an interest." *Id.*

As the Third Circuit said, whether the proposed intervenor's participation is "necessary to advocate for an unaddressed issue" is not the correct standard. *Appleton*, 430 Fed. Appx. at 138. Instead, the standard is whether the intervention will cause "undue delay" or "prejudice the adjudication of the original parties' rights." **Fed. R. Civ. P. 24(b)(3)**. This inquiry is "the principal consideration in ruling on a Rule 24(b) motion." *South Dakota*, 317 F.3d at 787, *citing **United States v. Pitney Bowes, Inc.***, 25 F.3d 66, 73 (2d Cir. 1994); 7C **Wright, Miller & Kane, Federal Practice and Procedure** § 1913 at 379 (2011). The tax court erred by ignoring this principal consideration – whether the USVI's intervention would cause undue delay or prejudice.

"Trial complications" would bar the USVI's intervention only when it causes undue delay or prejudice. *Appleton*, 430 Fed. Appx. at 138. The tax court did not find that any potential delay from the USVI's intervention would be "undue." Nor did the tax court rule that the USVI's arguments would prejudice Coffey or the IRS. Accordingly, the tax court abused its discretion by using an incorrect legal standard to deny permissive intervention.[3]

\* \* \* \* \* \* \*

The judgment of the tax court is reversed, and the case remanded.

———————————————

[3] Like the *Appleton* court, this court need not rule on the issue of intervention as of right.