GEORGE C. HUFF, PETITIONER *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 12942–09.        Filed December 22, 2010.

Claiming to be a bona fide resident of the U.S. Virgin
Islands (the Virgin Islands) during 2002, 2003, and 2004, and
claiming he was qualified for the gross income tax exclusion
provided by I.R.C. sec. 932(c)(4), P, a U.S. citizen, filed terri-

605

torial income tax returns with, and paid income tax to, the Virgin Islands. He did not file Federal income tax returns or pay Federal income tax for those years. R determined that P was not a bona fide resident of the Virgin Islands and was not qualified for the gross income tax exclusion as claimed. P moves to interplead the Virgin Islands in this proceeding, asserting that the U.S. and the Virgin Islands have "adverse and independent claims" under Fed. R. Civ. P. 22(a)(1)(A) for tax on the same income. *Held*: Because this Court lacks jurisdiction to redetermine P's Virgin Islands tax liabilities, P will not be permitted to interplead the Virgin Islands.

*William M. Sharp*, *Lawrence R. Kemm*, *Joseph A. DiRuzzo, III*, and *Marjorie Rawls Roberts*, for petitioner.
*Daniel N. Price*, *Ladd Christman Brown, Jr.*, and *Justin L. Campolieta*, for respondent.


OPINION

JACOBS, *Judge*: This matter is before the Court on petitioner's motion to interplead the Government of the U.S. Virgin Islands (Virgin Islands) in this proceeding. For the reasons set forth *infra*, we shall deny petitioner's motion.

*Background*

I. *Procedural Background*

The basic facts in this case are set forth in *Huff v. Commissioner*, 135 T.C. 222 (2010). We thus recite only those facts required to resolve the motion before us.

Petitioner is a U.S. citizen who claims he was a bona fide resident of the Virgin Islands during 2002, 2003, and 2004. Petitioner filed territorial income tax returns with, and paid income tax to, the Virgin Islands Bureau of Internal Revenue (BIR) for each of these years. Petitioner claimed he qualified for the section 932(c)(4) gross income exclusion; consequently, he did not file Federal income tax returns or pay Federal income tax.[1] Respondent determined that petitioner did not meet the requirements of section 932(c)(4) and therefore should have filed tax returns with, and paid income tax to, the United States.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## II. *The Virgin Islands*

The Virgin Islands are an insular area of the United States; they are not part of one of the 50 States or the District of Columbia. They are generally treated as a foreign country, having a "mirror tax" system for U.S. tax purposes; i.e., the Virgin Islands use as their tax law the tax laws of the United States. In this regard, 48 U.S.C. sec. 1397 (2006) provides that the U.S. Internal Revenue Code is to be used by the Virgin Islands, with "Virgin Islands" substituted for "United States" and vice versa.

Section 932(c) provides the taxation and filing requirements for individuals. For tax years 2002 and 2003, that section provided as follows:

SEC. 932. COORDINATION OF UNITED STATES AND VIRGIN
        ISLANDS INCOME TAXES.

(c) TREATMENT OF VIRGIN ISLANDS RESIDENTS.—
    (1) APPLICATION OF SUBSECTION.—This subsection shall apply to an individual for the taxable year if—
        (A) such individual is a bona fide resident of the Virgin Islands at the close of the taxable year, or
        (B) such individual files a joint return for the taxable year with an individual described in subparagraph (A).
    (2) FILING REQUIREMENT.—Each individual to whom this subsection applies for the taxable year shall file an income tax return for the taxable year with the Virgin Islands.

                    *    *    *    *    *    *    *

    (4) RESIDENTS OF THE VIRGIN ISLANDS.—In the case of an individual—
        (A) who is a bona fide resident of the Virgin Islands at the close of the taxable year,
        (B) who, on his return of income tax to the Virgin Islands, reports income from all sources and identifies the source of each item shown on such return, and
        (C) who fully pays his tax liability referred to in section 934(a) to the Virgin Islands with respect to such income,

for purposes of calculating income tax liability to the United States, gross income shall not include any amount included in gross income on such return, and allocable deductions and credits shall not be taken into account.

In 2004 the statute was amended by striking "at the close of the taxable year" and inserting "during the entire taxable year" each place it appears, effective for tax years ending

after October 22, 2004. American Jobs Creation Act of 2004, Pub. L. 108–357, sec. 908(c)(2), (d), 118 Stat. 1656, 1657.

An individual who is a bona fide resident of the Virgin Islands and incurs income tax obligations to both the United States and the Virgin Islands may satisfy his reporting and payment requirements by filing only with, and paying tax only to, the Virgin Islands if he satisfies each of the three requirements of section 932(c)(4). If the individual fails to meet any of these requirements, he must file a Federal income tax return with the Internal Revenue Service. See S. Rept. 100–445, at 315 (1988). Consequently, an individual failing to satisfy all three requirements of section 932(c)(4) may be required to file an income tax return and be liable for taxes to both the United States and the Virgin Islands.

To redetermine a Virgin Islands tax deficiency determined by the BIR, a Virgin Islands taxpayer may petition the U.S. District Court, District of the Virgin Islands, in the same manner as a U.S. taxpayer may petition this Court. Secs. 6212, 6213 (mirror code); V.I. Code Ann. tit. 33 sec. 943 (1994); see *WIT Equip. Co. v. Dir., V.I. Bureau of Internal Revenue*, 185 F. Supp. 2d 500, 510 (D.V.I. 2001). The U.S. District Court, District of the Virgin Islands, has "exclusive jurisdiction over * * * the income tax laws applicable to the Virgin Islands * * * except the ancillary laws relating to the income tax enacted by the legislature of the Virgin Islands." 48 U.S.C. sec. 1612(a) (2006).

## *Discussion*

The sole issue before us is whether petitioner may interplead the Government of the Virgin Islands. In general, our Rules do not provide for interpleading a third party. In the absence of an express Rule, Rule 1(b) provides that the Court "may prescribe the procedure, giving particular weight to the Federal Rules of Civil Procedure to the extent that they are suitably adaptable to govern the matter at hand." See *Intermountain Ins. Serv. of Vail, LLC v. Commissioner*, 134 T.C. 211, 215 (2010); *Estate of Proctor v. Commissioner*, T.C. Memo. 1994–208; see also *Appleton v. Commissioner*, 135 T.C. 461 (2010) (denying intervention by a third party).

Petitioner relies on rule 22 of the Federal Rules of Civil Procedure,[2] which governs interpleading a third party in much of the Federal court system. Rule 22(a)(1) of the Federal Rules of Civil Procedure provides:

Rule 22. Interpleader

(a) Grounds.

(1) By a Plaintiff. Persons with claims that may expose a plaintiff to double or multiple liability maybe joined as defendants and required to interplead. Joinder for interpleader is proper even though:

(A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or

(B) the plaintiff denies liability in whole or in part to any or all of the claimants.

The purpose of interpleading a third party is to allow:

"a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." 7 Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure §1704 (3d ed. 2001), at 540–41 ("Wright & Miller"). Accordingly, interpleader allows a stakeholder who "admits it is liable to one of the claimants, but fears the prospect of multiple liability[,] . . . to file suit, deposit the property with the court, and withdraw from the proceedings." *Metro Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007). The result is that "[t]he competing claimants are left to litigate between themselves," while the stakeholder is discharged from any further liability with respect to the subject of the dispute. *Id.* [*Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009).]

Interpleading a third party "forces the claimants to contest what essentially is a controversy between them without embroiling the stakeholder in the litigation over the merits of the respective claims." 7 Wright et al., Federal Practice and Procedure, sec. 1702, at 534 (3d ed. 2001).

Petitioner asserts that

The case at bar is the exact type of case in which this Court should exercise its discretion to interplead the Government of the * * * [Virgin Islands] under Rule 22(a)(1). That is because Respondent as the taxing authority for the United States Government has asserted that Petitioner is liable for unpaid taxes * * * based on the same items of income that the * * * [Virgin Islands] has already taxed and has already collected

---

[2] Petitioner does not seek to interplead the Government of the Virgin Islands through the statutory interpleader provisions of 28 U.S.C. sec. 1335 (2006), 28 U.S.C. sec. 1397 (2006), and 28 U.S.C. sec. 2361 (2006). Consequently, we need not and do not address those provisions.

from Petitioner. Consequently, Petitioner's income may be subject to double taxation, which by definition is a double liability. A double tax liability is a situation that Rule 22 seeks to address.

Petitioner further asserts that (1) the United States and the Virgin Islands have "adverse and independent" claims under rule 22(a)(1)(A) of the Federal Rules of Civil Procedure, and (2) should respondent ultimately prevail in the case, petitioner would have a claim against the Virgin Islands for appropriate tax refunds. [3] Thus, petitioner posits that

Although, during the pendency of the instant litigation the potential claim against the * * * [Virgin Islands] may be in doubt (if Petitioner is determined to have been a bona fide * * * [Virgin Islands] resident or if the statute of limitations prevents Respondent from assessing against Petitioner, he will dismiss any outstanding actions against the * * * [Virgin Islands]), interpleading the * * * [Virgin Islands] Government is still appropriate because it will avoid multiple legal actions and relieving [sic] Petitioner from having to anticipate the strength of the * * * [Virgin Islands'] claims.

By moving to interplead the Virgin Islands, petitioner in essence asks this Court to redetermine his Virgin Islands tax liability. We do not have jurisdiction to make that redetermination.

This Court is a court of limited jurisdiction, and we may exercise jurisdiction only to the extent expressly authorized by Congress. Sec. 7442; *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). We lack authority to enlarge upon that statutory jurisdiction, *Breman v. Commissioner*, 66 T.C. 61, 66 (1976), and petitioner's invocation of rule 22(a)(1) of the Federal Rules of Civil Procedure cannot expand our jurisdiction, see, e.g., Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts or the venue of actions in those courts."); 7 Wright et al., *supra* sec. 1710. As we noted in *Estate of Forgey v. Commissioner*, 115 T.C. 142, 146 (2000), we have jurisdiction to redetermine deficiencies in Federal income, estate, gift, and certain excise taxes. See secs. 6211–6215; Rule 13. We also have jurisdiction over certain other Federal tax issues (e.g., section 6512(b) refund actions regarding overpayments determined by the Court in

---

[3] Petitioner in his motion states he will rely on the doctrines of statutory mitigation and equitable recoupment in his proposed refund action against the Government of the Virgin Islands since the period of limitations has closed for the years at issue.

certain circumstances; section 7436(a) determination of employment status actions). In sum, we are limited to the adjudication of Federal tax matters; i.e., in this case, we may only redetermine the correct amounts of petitioner's Federal income tax liabilities for 2002, 2003, and 2004.

We have found no authority, and petitioner has cited none, which would permit us to redetermine petitioner's Virgin Islands tax liabilities or the disposition of moneys which petitioner has paid to the Virgin Islands. Should respondent ultimately prevail in this case, we would have no jurisdiction to (1) discharge petitioner from liabilities determined by the Government of the Virgin Islands; (2) direct the Virgin Islands to refund to petitioner the amount of taxes petitioner paid to the BIR; or (3) order the Virgin Islands to pay any moneys to the United States.

As noted *supra* p. 608, 48 U.S.C. sec. 1612(a) explicitly provides that the U.S. District Court, District of the Virgin Islands, is the sole court that may determine the correct amount of petitioner's Virgin Islands tax liabilities for 2002, 2003, and 2004. Petitioner would have to appear before that court to seek refunds from the Virgin Islands.

Consistent with the foregoing, petitioner's motion will be denied.

To reflect the aforesaid,

*An appropriate order will be issued*.