GEORGE C. HUFF, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 12942–09.        Filed March 19, 2012.

Claiming to be a bona fide resident of the U.S. Virgin Islands (Virgin Islands) and claiming he was qualified for the gross income tax exclusion provided by I.R.C. sec. 932(c)(4), P, a U.S. citizen, filed territorial income tax returns with, and paid income tax to, the Virgin Islands Bureau of Internal Revenue (BIR) for 2002, 2003, and 2004 (years involved). P did not file Federal income tax returns with, or pay Federal income tax to, the Internal Revenue Service (IRS) for those years. P asserts he was a member of NASCO Corporate Finance Consultants, LLC (NASCO), a Virgin Islands limited liability company. NASCO filed Virgin Islands partnership returns with the BIR for the years involved. NASCO did not

file partnership returns with the IRS. Because P did not file tax returns with the IRS for the years at issue, R conducted a nonfiler examination. R determined that for the years involved P did not qualify for the I.R.C. sec. 932(c)(4) income tax exclusion and therefore was not excused from his Federal tax filing and tax payment obligations. R mailed P a notice of deficiency. P maintains that this case involves a partnership item and therefore R should have issued a notice of final partnership administrative adjustment to the tax matters partner of NASCO pursuant to the procedural rules of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), as opposed to issuing P a notice of deficiency. P posits R's notice of deficiency is invalid, and thus he requests the Court to dismiss this case for lack of jurisdiction. *Held*: The procedural rules of TEFRA do not herein apply in that (1) NASCO did not file a partnership return with the IRS, and (2) NASCO is not classified as a partnership for purposes of TEFRA. *Held*, *further*, P's motion to dismiss for lack of jurisdiction will be denied.

*William M. Sharp*, *Lawrence R. Kemm*, *Joseph A. DiRuzzo III*, and *Marjorie Rawls Roberts*, for petitioner.
*Daniel N. Price*, *Ladd Christman Brown, Jr.*, and *Justin L. Campolieta*, for respondent.

## OPINION

JACOBS, *Judge*: This matter is before the Court on petitioner's motion to dismiss for lack of jurisdiction (petitioner's motion), the resolution of which turns on whether respondent should have issued a notice of final partnership administrative adjustment (FPAA) to the tax matters partner (TMP) of NASCO Corporate Finance Consultants, LLC (NASCO), pursuant to the procedural rules of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97–248, sec. 402(a), 96 Stat. at 648, rather than issue, as respondent did, a notice of deficiency to petitioner.

### *Background* [1]

I. *Petitioner*

Petitioner is a U.S. citizen who claims he was a bona fide resident of the U.S. Virgin Islands (Virgin Islands) during

---

[1] For additional background information, see *Appleton v. Commissioner*, 135 T.C. 461 (2010), *rev'd*, 430 Fed. Appx. 135 (3d Cir. 2011), *Huff v. Commissioner*, 135 T.C. 222 (2010), and *Huff v. Commissioner*, 135 T.C. 605 (2010).

2002, 2003, and 2004 (years involved). Respondent disputes petitioner's claim.

Petitioner filed territorial income tax returns with, and paid income tax to, the Virgin Islands Bureau of Internal Revenue (BIR) for each of the years involved. Petitioner asserts that during the years involved he was a member of NASCO, which was established under the laws of the Virgin Islands as a limited liability company (LLC). [2]

Petitioner maintains he qualified for the section 932(c)(4) [3] gross income exclusion for each of the years involved; consequently, he did not file Federal income tax returns or pay Federal income tax for those years. Because he did not file returns with the Internal Revenue Service (IRS), respondent conducted a nonfiler examination for the years involved and determined that petitioner did not qualify for the income exclusion under section 932(c)(4).

On February 27, 2009, respondent mailed petitioner a notice of deficiency. Respondent's primary position in the notice of deficiency was that NASCO was not a legitimate business entity and that petitioner was not a partner in NASCO. Rather, respondent alleges petitioner used NASCO in connection with "a tax avoidance scheme which involved * * * [petitioner's] improperly claiming to be a resident of the USVI and superficially recasting US-source income as USVI-source income in order to inappropriately and invalidly claim a tax credit of 90% under the USVI Economic Development Program." [4]

In contrast, petitioner asserts that (1) NASCO was a valid LLC organized under the laws of the Virgin Islands, was recognized as such by the BIR, and should be respected for Federal tax purposes, and (2) this case involves a partnership item and hence respondent should have issued an FPAA to the TMP of NASCO pursuant to the procedural rules of TEFRA, as opposed to issuing petitioner a notice of deficiency.

---

[2] For purposes of petitioner's motion, respondent treats NASCO as a legitimate Virgin Islands business entity. However, respondent's litigating position is that NASCO is not a legitimate business entity. We make no determination with respect to the actual status of NASCO.

[3] Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years involved.

[4] Respondent asserts alternate positions in the notice of deficiency. As each of these alternate positions is a variation of respondent's primary position, we need not discuss them in the context of petitioner's motion.

## II. *NASCO*

As noted *supra* p. 260, NASCO was organized as a Virgin Islands LLC. In this regard, the Virgin Islands government issued a certificate of existence to NASCO on June 20, 2001. Article 8 of NASCO's articles of organization provides: "No member of the Company shall be liable for the debts and obligations of the Company under Section 1303, Subsection (c) of the Uniform Limited Liability Act."

During each of the years involved NASCO had more than 10 members and at least 1 of its members was neither an individual, a C corporation, nor an estate of a deceased person. For each of the years involved NASCO filed a Virgin Islands partnership tax return with the BIR.

## III. *The Virgin Islands*

The Virgin Islands is an insular area of the United States; it is not part of one of the 50 States or the District of Columbia. The Virgin Islands is generally treated as a foreign country, *see* sec. 7701(a)(9); *Huff v. Commissioner*, 135 T.C. 222, 224 (2010), and has a "mirror tax" system; i.e., the Virgin Islands uses as its tax law the tax laws of the United States. In this regard, 48 U.S.C. sec. 1397 (2006) provides that the Code is to be used by the Virgin Islands, with the words "Virgin Islands" being substituted for the words "United States" and vice versa. The revised version of the Code is known as the "mirror code".

Virgin Islands residents are required to file territorial returns with, and pay territorial taxes to, the BIR. Mirror code secs. 1, 6212(a)(1)(A). Virgin Islands partnerships are required to file territorial partnership returns with the BIR pursuant to mirror code section 6031(a).

The BIR does not have its own territorial tax forms; rather, it uses IRS tax forms for reporting purposes. Thus, resident Virgin Islands individuals file Form 1040, U.S. Individual Income Tax Return, with the BIR; Virgin Islands partnerships file Form 1065, U.S. Return of Partnership Income, with the BIR; and Virgin Islands corporations file Form 1120, U.S. Corporation Income Tax Return, with the BIR.

Section 932(c) coordinates U.S. and Virgin Islands income tax liability and filing requirements for individuals who are

subject to U.S. taxation (e.g., U.S. citizens and residents). [5] An individual subject to U.S. taxation who is a bona fide resident of the Virgin Islands may satisfy his Federal income tax reporting and payment requirements by filing solely with, and paying tax to, the BIR, provided the individual satisfies all of the requirements of section 932(c)(4). If the individual fails to satisfy all of the section 932(c)(4) requirements, he/she may be required to file tax returns with, and pay tax to, both the IRS and the BIR. *See* S. Rept. No. 100–445, at 315 (1988), 1988 U.S.C.C.A.N. 4515, 4826.

In order to ensure the "fair implementation" of section 932, the United States and the Virgin Islands entered into an agreement "for the exchange of information and mutual assistance with respect to taxes in order to prevent the evasion or avoidance of United States or Virgin Islands taxes". Tax Implementation Agreement Between the United States of America and the Virgin Islands (TIA), Feb. 24, 1987, 1989–1 C.B. 347, 347–348. The TIA applies to (1) all taxes imposed by the Code, (2) all taxes imposed by the mirror code, and (3) all local income taxes imposed by the Virgin Islands as authorized by the Tax Reform Act of 1986. *See id.* art. 2, 1989–1 C.B. at 348. TIA article 4 governs the exchange of information between the two governments. Clause 1 thereof provides that the competent authorities of the United States and the Virgin Islands shall exchange information to administer and enforce their respective tax laws. *See id.* art. 4(1), 1989–1 C.B. at 348.

TIA article 4(2)(b) provides that the Virgin Islands shall routinely supply to the United States information with respect to audit changes that disclose information of interest to the U.S. Government, including, among other matters, (1) information about the ownership interests of all corporations subject to Virgin Islands tax having non-Virgin Islands-source income and which receive a rebate, subsidy, or deduction of Virgin Islands taxes, as well as (2) information about any individual subject to Virgin Islands tax who has non-Virgin Islands-source income and who claims for the first

---

[5] In general, the United States taxes U.S. citizens and alien individuals residing in the United States on all of their income regardless of the income's origin (i.e., on their worldwide income). *See Cook v. Tait*, 265 U.S. 47, 56 (1924). Gross income for the purpose of calculating taxable income is defined as "all income from whatever source derived." Sec. 61(a). Individuals subject to U.S. tax are generally required to file a tax return if their income exceeds a threshold amount. Sec. 6012(a)(1)(A). Sec. 932 preempts these general rules.

time to be a Virgin Islands resident. In addition, TIA article 4(2)(b) provides that the Virgin Islands shall supply to the United States "copies of reports of individual, partnership, corporate, and employment audit changes that disclose information relevant to the United States." *Id.* art. 4(2)(b), 1989–1 C.B. at 348–349. To this end, the TIA provides that the BIR will permit the IRS to examine Virgin Islands tax returns. *Id.* app. A, sec. 3.1, 1989–1 C.B. at 352.

## *Discussion*

This Court is a court of limited jurisdiction; we may exercise our jurisdiction only to the extent provided by Congress. *See* sec. 7442; *see also GAF Corp. & Subs. v. Commissioner*, 114 T.C. 519, 521 (2000). We have jurisdiction to redetermine a deficiency only if a valid notice of deficiency is issued by the Commissioner and a petition contesting the Commissioner's deficiency determination is timely filed by the taxpayer. *GAF Corp. & Subs. v. Commissioner*, 114 T.C. 519. Petitioner's motion is premised on petitioner's assertion that respondent's notice of deficiency is invalid.

## I. *TEFRA Partnership Proceedings*

Partnerships, in general, do not pay Federal income taxes. Rather, they file annual information returns reporting the partners' distributive shares of the partnership's income, deductions, and other tax items. Secs. 701, 6031. Each partner reports his/her respective distributive share of partnership income, deductions and credits on his/her income tax return. Secs. 701–704; sec. 1.702–1(a), Income Tax Regs. Before the enactment of TEFRA, adjustments of partnership items were determined at the individual partner level, resulting in duplication of administrative and judicial resources and inconsistent results between partners. To resolve this problem Congress enacted TEFRA, which created a single unified procedure for determining the tax treatment of all partnership items. Pursuant to the procedures of TEFRA, assessments for nonpartnership item adjustments are subject to deficiency proceedings, secs. 6212(a), 6230(a)(2), whereas the tax treatment of a partnership item is determined at the partnership level, sec. 6221.

Section 761(a) provides that a "'partnership' includes a syndicate, group, pool, joint venture or other unincorporated organization through or by means of which any business, financial operation, or venture is carried on" and is not a corporation, or a trust or estate. Section 6231(a)(1)(A) provides that except as provided in section 6031(a)(1)(B) (regarding "small partnerships") "the term 'partnership' means any partnership required to file a return under section 6031(a)."[6] Thus, an entity falls under the provisions of TEFRA if the entity is required to file a partnership return. *See Wolf v. Commissioner*, T.C. Memo. 1991–212, *aff'd*, 4 F.3d 709 (9th Cir. 1993).

Business entities that are classified as foreign partnerships for Federal tax purposes are generally exempt from filing partnership returns and are not subject to the provisions of TEFRA. Sec. 6031(e)(1). However, foreign partnerships that earn gross income derived from sources within the United States or earn gross income that is effectively connected with the conduct of a trade or business within the United States are required to file partnership returns and therefore are within the purview of TEFRA. Sec. 6031(e)(2).

## II. *Contentions of the Parties*

Petitioner asserts that this case should be dismissed for lack of jurisdiction because respondent failed to follow the procedural rules of TEFRA. Petitioner maintains that because NASCO filed territorial partnership returns with the BIR, it in essence filed Federal partnership returns with the IRS for the years at issue pursuant to section 6233(a). Consequently, petitioner reasons the procedural rules of TEFRA apply. Alternatively, petitioner posits that NASCO should be classified as a foreign partnership and was required to file a Federal partnership return for each of the years involved because for such years it had U.S.-source income or income effectively connected with a U.S. trade or business. Continuing, petitioner maintains that the issues raised in respondent's notice of deficiency are, in reality, partnership items and hence, pursuant to the procedural rules of TEFRA, are determined at the partnership level. Thus, petitioner concludes respondent

---

[6] Sec. 6031(a) provides that partnerships shall make a return for each taxable year stating each item of gross income and deduction allowable by subtit. A.

properly should have issued an FPAA to the TMP of NASCO, rather than, as respondent did, a notice of deficiency to petitioner. *See* sec. 6223(a); sec. 301.6223(a)–1, Proced. & Admin. Regs.

Solely for purposes of disposing of petitioner's motion, respondent accepts petitioner's assertion that NASCO is a legitimate foreign business entity. Respondent disputes the remainder of petitioner's assertions, maintaining: (1) NASCO never filed Federal partnership returns; and (2) if NASCO is to be treated as a business entity, it should be classified as a foreign corporation. Consequently, respondent posits TEFRA procedures do not apply and the notice of deficiency issued to petitioner is valid.

### III. *Whether Filing a Partnership Return With the BIR Constitutes the Filing of a Partnership Return With the IRS*

NASCO timely filed 2002, 2003, and 2004 partnership returns with the BIR using Form 1065; it did not file partnership returns with the IRS. On May 4, 2006, the IRS obtained copies of the returns filed by NASCO with the BIR pursuant to the information sharing provisions of the TIA between the United States and the Virgin Islands.

Petitioner claims that NASCO's filing of Form 1065 with the BIR constitutes its filing of a Federal partnership return with the IRS. In this regard, petitioner asserts that the Virgin Islands is not an independent sovereign, like a State or a foreign country, but rather is an unincorporated territory of the United States and as such is "an extension of the federal government."

Petitioner's claim that for tax return filing purposes the Virgin Islands "is an extension of the federal government" is incorrect. Since 1958 courts have noted that the United States and the Virgin Islands are distinct taxing jurisdictions, although the Virgin Islands income tax laws arise from an identical statute applicable to each. *Dudley v. Commissioner*, 258 F.2d 182, 185 (3d Cir. 1958), *aff'g* 28 T.C. 992 (1957); *see Chase Manhattan Bank v. Gov't of the V.I.*, 300 F.3d 320 (3d Cir. 2002); *Abramson Enters., Inc. v. Gov't of the V.I.*, 994 F.2d 140, 142 (3d Cir. 1993); *Danbury, Inc. v. Olive*, 820 F.2d 618 (3d Cir. 1987); *Miller v. Quinn*, 792 F.2d 392 (3d Cir. 1986); *Chi. Bridge & Iron Co. v. Wheatley*, 430 F.2d

973, 976 (3d Cir. 1970). Consistent with this principle, courts have held that a notice of deficiency issued by the BIR cannot be petitioned to the Tax Court, *Dudley v. Commissioner*, 258 F.2d 182, and a notice of deficiency issued by the Commissioner of Internal Revenue cannot be petitioned to the U.S. District Court, District of the Virgin Islands, *McHenry v. Commissioner*, No. 1:10–cv–00021 (D.V.I. July 18, 2011) (order granting motion to dismiss for lack of jurisdiction).

Petitioner next asserts that even if the filing of a return with the BIR does not constitute a filing of a return with the IRS, pursuant to the TIA the BIR should be treated as an agent of the IRS. And continuing, petitioner posits that because the BIR should be deemed an agent of the IRS, and because the BIR forwarded copies of NASCO's partnership returns to the IRS, the filing of NASCO's Virgin Islands partnership return with the BIR constitutes the filing of a Federal partnership return with the IRS. We do not agree with petitioner's assertion.

An agency relationship is defined as: "the fiduciary relationship that arises when one person (a "principal") manifests assent to another person (an "agent") that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." 1 Restatement, Agency 3d, sec. 1.01 (2006). An agency relationship is created when by mutual consent, either implied or expressed, one party (i.e., the agent) agrees to act on behalf of the other (i.e., the principal) and be subject to the principal's control. This consent is generally manifested by (1) statements or actions by the principal that the agent will act on behalf of the principal, (2) the agent's acceptance of such undertaking, and (3) an understanding by both parties that the principal is to be in control of such undertaking. *See* 2A C.J.S., Agency, sec. 32 (2003).

The TIA does not establish an agency relationship, or support the existence of such a relationship, between the United States and the Virgin Islands or their respective tax departments (i.e., the IRS and the BIR). To the contrary, the TIA is an agreement between equal parties "for the exchange of information and mutual assistance with respect to taxes in order to prevent the evasion or avoidance of United States or Virgin Islands taxes". TIA, 1989–1 C.B. at 347–348. The BIR is not under the control of the IRS or vice versa.

Finally, relying on *Beard v. Commissioner*, 82 T.C. 766, 777 (1984), *aff'd*, 793 F.2d 139 (6th Cir. 1986), petitioner asserts that the copies of the partnership returns NASCO filed with the BIR for the years at issue should be treated as NASCO's partnership returns for Federal tax purposes. We do not agree with petitioner's assertion.

In *Beard*, we held that within the context of determining the commencement of the period of limitations with respect to the filing of one's Federal income tax return, the document submitted to the IRS will be considered a valid tax return if:

1. the document contains sufficient data to calculate the tax liability;

2. the document purports to be a tax return;

3. there is an honest and reasonable attempt by the filer of the document to satisfy the requirements of the tax law; and

4. the filer executes the return under penalties of perjury. [7]

*Id.* at 777. Petitioner claims that the returns NASCO filed with the BIR satisfy all four of the aforementioned criteria and thus should be treated as Federal partnership returns filed with the IRS because:

First, the information [on the return filed by NASCO] is sufficient to calculate the tax liability as NASCO used the very form drafted and issued by the Service. Second, the Form 1065 is by definition a return and claims to be nothing other than a return. Third, a form drafted and issued by the Service that taxpayers in turn used must be considered to be an honest and reasonable attempt to satisfy the requirements of the tax law. Fourth, the return was signed under penalties of perjury as the jurat provision was executed.

Petitioner cites *Germantown Trust Co. v. Commissioner*, 309 U.S. 304 (1940), as the "seminal case" to support his position. In *Germantown Trust Co.*, the taxpayer filed the wrong form with the IRS as its tax return. The Supreme Court held that the filing constituted a tax return because the taxpayer filed in good faith a return from which its tax could be computed. Thus, the underlying issue therein was whether the return filed with the IRS constituted a valid return. Such is not the case here. The issue here is whether

---

[7] The Commissioner has adopted these four criteria in determining whether the purported tax return should be respected as such. *See* Internal Revenue Manual pt. 25.6.1.9.4.1 (Oct. 1, 2007).

the filing of a return with the BIR constitutes the filing of a return with the IRS.

The returns NASCO filed with the BIR do not purport to be Federal returns (as required by criterion 2 of *Beard*), nor are those returns an attempt to satisfy the requirements of Federal tax law (as required by criterion 3 of *Beard*). NASCO filed its partnership returns with the BIR in order to comply with its Virgin Islands filing obligations as opposed to any obligation under the tax laws of the United States.

### IV. *Whether NASCO Is Classified as a Partnership*

Even though NASCO, an LLC, did not file Federal partnership returns, NASCO may come under the purview of TEFRA if it can be classified for Federal tax purposes as a partnership that is required to file a Federal partnership return. Petitioner takes the position that NASCO had a Federal partnership return filing obligation and thus should be classified as a partnership for Federal tax purposes. On the other hand, respondent contends that NASCO is a corporation for Federal tax purposes and therefore the procedural rules of TEFRA do not apply.

Business entities are generally classified for Federal tax purposes by section 7701 and the "check-the-box" regulations of sections 301.7701–1 through 301.7701–5, Proced. & Admin. Regs.[8] The Virgin Islands, and the businesses established therein, are generally considered foreign for purposes of the Code because the Virgin Islands is not one of the 50 States or the District of Columbia. *See* sec. 7701(a)(4), (5), (9).[9]

Petitioner concedes that NASCO is a foreign entity. Petitioner further concedes that (1) generally, the check-the-box regulations of section 301.7701–3(b)(2)(i)(B), Proced. & Admin. Regs., would classify NASCO as a foreign association taxable as a corporation because it is a foreign "eligible entity" in which all of its owning members have limited liability,[10] and (2) generally, in such a situation the provi-

---

[8] The Virgin Islands classifies business entities with the mirror versions of these sections.

[9] Sec. 7701(a)(4) provides that "domestic" when applied to a corporation or partnership generally means one created or organized in the United States under the law of the United States or one of the States. Sec. 7701(a)(5) provides that a foreign corporation or partnership is one that is not domestic. Sec. 7701(a)(9) provides that "The term 'United States' when used in a geographical sense includes only the States and the District of Columbia."

[10] A business entity that is not a corporation as defined in sec. 301.7701–2(b), Proced. &

sions of TEFRA do not apply. However, petitioner argues that the check-the-box regulations are superseded by section 1.932–1(h)(4), Income Tax Regs., which provides:

Solely for the purpose of determining classification of an eligible entity under § 301.7701–3(b) of this chapter [the check-the-box regulations] and under that section as mirrored in the Virgin Islands, an eligible entity subject to this paragraph (h) will be classified for both Federal and Virgin Islands tax purposes using the rule that applies to domestic eligible entities.

Thus, petitioner posits that although NASCO is generally treated as a foreign entity for purposes of the Code, for purposes of determining whether NASCO is a corporation or a partnership the Court should treat NASCO as a domestic eligible entity and use the check-the-box regulations that apply to such entities. Petitioner reasons that pursuant to section 301.7701–3(b)(1)(i), Proced. & Admin. Regs., the domestic eligible entity check-the-box regulations would classify NASCO as a partnership since it is an entity with two or more members. We are of the opinion that section 1.932–1(h)(4), Income Tax Regs., does not apply to NASCO.

Section 1.932–1(h)(2)(i), Income Tax Regs., provides that section 1.932–1(h), Income Tax Regs., applies to domestic (i.e., U.S.) business entities that are owned in whole or in part by bona fide residents of the Virgin Islands or by Virgin Islands business entities. Section 1.932–1(h)(2)(ii), Income Tax Regs., applies section 1.932–1(h), Income Tax Regs., to Virgin Islands business entities that are owned in whole or in part by U.S. persons, other than bona fide residents of the Virgin Islands. In this case, NASCO is a Virgin Islands LLC, and according to petitioner all of the members of NASCO are bona fide residents of the Virgin Islands. Therefore, the regulations petitioner relies upon do not apply to his situation. Moreover, section 1.932–1(h)(5)(iv), Income Tax Regs., provides that "In the case of an entity created or organized prior

Admin. Regs., is an eligible entity and may elect its classification for Federal tax purposes. Sec. 301.7701–3(a), Proced. & Admin. Regs. If an eligible entity does not make an election for Federal tax purposes, then the regulations provide for default classifications depending on the attributes of the eligible entity. A foreign eligible entity in which all of its owning members have limited liability, as apparently is the case with respect to all of the owning members of NASCO, is classified by the default rules as an association. See sec. 301.7701–3(b)(2)(ii), Proced. & Admin. Regs., for the definition of "limited liability".

Sec. 301.7701–2(b)(8), Proced. & Admin. Regs., provides a list of foreign business entities that are corporations and may not elect their classification. In the Virgin Islands, entities that are established as "corporations" are not eligible entities and may not elect their status.

to April 11, 2005, paragraph (h)(4) of this section will take effect for Federal income tax purposes (or Virgin Islands income tax purposes, as the case may be) as of the first day of the first taxable year of the entity beginning after April 11, 2005." NASCO operates on a calendar year basis. Hence, the first year that the classification rules of section 1.932–1(h)(4), Income Tax Regs., would apply is 2006. But the years involved are 2002, 2003, and 2004.

Petitioner argues that the regulations should be applied retroactively regardless of the specific effective date. Petitioner points to the preamble to the temporary regulation, which states:

To the extent they provide rules under the operative provisions of the Code relating to the possession, as amended by the 1986 Act and the 2004 Act, these regulations generally apply to taxable years ending after October 22, 2004. The underlying statutory rules, however, generally apply to taxable years beginning after December 31, 1986. Accordingly, taxpayers may rely upon the guidance provided in these regulations with respect to prior years for which the underlying statutory rules are in effect, provided they do so consistently. [T.D. 9194, 2005–1 C.B. 1016, 1020. [11]]

We apply a regulation according to its plain or ordinary meaning, unless that interpretation would lead to absurd results or another construction is supported by unequivocal evidence of administrative intent. *Philips Petroleum Co. v. Commissioner*, 101 T.C. 78, 107 (1993), *aff'd without published opinion*, 70 F.3d 1282 (10th Cir. 1995). Section 1.932–1(h)(5)(iv), Income Tax Regs., specifically provides that the classification rules of section 1.932–1(h)(4), Income Tax Regs., apply only to tax years beginning after April 11, 2005. Petitioner does not suggest that the application of the plain meaning of section 1.932–1(h)(5)(iv), Income Tax Regs., will lead to an absurd result. Nor does the preamble amount to unequivocal evidence of administrative intent to retroactively apply the default classification rule of the regulation.

The preamble discusses how affirmative elections by taxpayers regarding the classification of entities will be treated under the regulation. It does not mention taxpayers who allowed their business entities to be classified under the

---

[11] We are mindful that the language of sec. 1.932–1T(h)(4), Temporary Income Tax Regs., 70 Fed. Reg. 18920, 18933–18934 (Apr. 11, 2005), is identical to the language in the final regulation and that sec. 1.932–1T(h)(5)(iv), Temporary Income Tax Regs., *supra*, has the same effective date of April 11, 2005, as the final regulation.

default rules through their own inaction. Moreover, the preamble to the temporary regulation discusses retroactivity regarding the temporary regulation's general effective date of October 22, 2004. Section 1.932–1(h)(4), Income Tax Regs., has its own specific effective date; i.e., effective for tax years beginning after April 11, 2005. As the temporary regulation's preamble does not mention that effective date, it cannot be said that there is unequivocal evidence of administrative intent to retroactively apply the default classification rule. Consequently, section 1.932–1(h)(4), Income Tax Regs., does not apply. [12]

To conclude, because NASCO did not file a Federal partnership return and because NASCO is classified as a foreign corporation for Federal tax purposes, the TEFRA procedural rules do not apply. Consequently, we hold that (1) respondent was not required to issue an FPAA, and (2) respondent issued a valid notice of deficiency. Consistent with the foregoing, petitioner's motion will be denied.

*An appropriate order will be issued.*

---

[12] Because we conclude that NASCO is not classified as a partnership for Federal tax purposes, we need not address the issue of whether NASCO has U.S.-source income or income effectively connected to a U.S. trade or business.