T.C. Memo. 2018-42

UNITED STATES TAX COURT

GARDNER N. MARCY AND MARIA MARCY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12149-04.                    Filed April 3, 2018.

<u>Kyle R. Coleman</u>, for petitioners.

<u>Richard J. Hassebrock</u>, <u>John W. Stevens</u>, and <u>Anne M. Craig</u>, for

respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GALE, <u>Judge</u>:  Petitioners petitioned the Court to redetermine respondent's

determination of a $255,163 deficiency in their Federal income tax for 2000 and a

**[\*2]** $51,033 accuracy-related penalty under section 6662(a) and (b)(1) and (2).[1]

The determination stems from respondent's disallowance of petitioners' claimed deductions for a $802,916 short-term capital loss and a $300,675 nonpassive loss that were purportedly passed through to petitioner Gardner N. Marcy as a result of his investment in a so-called Son-of-BOSS transaction involving offsetting foreign currency options.[2] Respondent asserts through an amended answer that petitioners also are liable for an increased accuracy-related penalty of $102,065 under section 6662(a) and (h).

Petitioners conceded at trial that respondent correctly determined the deficiency (subject to a small basis adjustment to which the parties agreed), and evidence was thereafter received concerning whether petitioners had reasonable cause under section 6664(c) that would preclude imposition of the penalty. Respondent subsequently conceded the penalty. However, in view of the fact that the deficiency arose from respondent's disallowance of loss deductions passed through to Mr. Marcy from a purported partnership in which he held an interest, a

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as in effect for the year at issue, Rule references are to the Tax Court Rules of Practice and Procedure, and dollar amounts are rounded to the nearest dollar.

[2]Respondent's only other adjustments were computational, resulting from the disallowance of these loss deductions.

[*3] jurisdictional issue arises; namely, whether this Court lacks jurisdiction by virtue of section 6221 to enter a decision concerning the deficiency and penalty that relate to respondent's adjustments to these loss deductions.

FINDINGS OF FACT

The parties submitted stipulated facts and exhibits, which we incorporate. Petitioners were married at the close of their 2000 taxable year, and they filed a joint Federal income tax return for that year. They resided in Illinois when their petition was timely filed.

During 2000, Mr. Marcy was the majority shareholder and president of an engineering/manufacturing firm, Syntronics Instruments, Inc. (Syntronics), that manufactured deflection coils for cathode ray tubes used in televisions and computer screens, and related electronic components. Syntronics had formed an employee stock ownership plan (ESOP) in 1999. On or about January 21, 2000, Mr. Marcy sold some of his Syntronics stock to the ESOP for $1,143,777, realizing a gain of $1,080,531.

In order to reduce or eliminate any tax attributable to that gain, Mr. Marcy decided to invest in a so-called Son-of-BOSS transaction.[3] He was assisted in this

---

[3]The mechanics of a Son-of-BOSS transaction have been described elsewhere. See generally Kligfeld Holdings v. Commissioner, 128 T.C. 192 (2007); Notice 2000-44, 2000-2 C.B. 255.

[*4] regard by his longtime financial adviser and the law firm of Jenkens & Gilchrist. The financial adviser and a Jenkens & Gilchrist partner explained to Mr. Marcy that effecting the Son-of-BOSS transaction would require the formation of various entities, including a limited liability company, an S corporation, and a limited partnership.[4]

Jenkens & Gilchrist did the necessary work to form these three entities, with Mr. Marcy signing the necessary documents. The first entity formed was GM Evergreen Investments LLC (GMLLC), as a limited liability company, the sole member of which was Mr. Marcy.[5] The second entity formed was GM Evergreen Investors, Inc. (GMEI), as a corporation with Mr. Marcy as sole shareholder. Mr. Marcy thereafter elected on GMEI's behalf for it to be treated as an S corporation. The third entity formed was Evergreen Partners (EP), as a limited partnership, in which GMEI owned a 99% limited partnership interest and GMLLC owned a 1% general partnership interest. Mr. Marcy signed EP's partnership agreement, in his capacity as a member of GMLLC and as president of GMEI. EP was formed for

[4]Our use of the foregoing terminology to refer to the entities purportedly created to effect the Son-of-BOSS transaction is for convenience only and carries no implication that any such entities were valid for Federal income tax purposes.

[5]Because it is a single-member limited liability company, GMLLC would be disregarded as an entity for Federal income tax purposes. See sec. 301.7701-2(c)(2), Proced. & Admin. Regs.; see also Murphy v. Commissioner, 129 T.C. 82, 85 n.5 (2007). For clarity, we continue to refer to the entity as GMLLC.

**[*5]** the sole purpose of effecting the Son-of-BOSS transaction. None of the three entities filed a Federal tax return for 2000.

Petitioners' 2000 Federal income tax return reported on Schedule D, Capital Gains and Losses, a long-term capital gain of $1,080,531 from Mr. Marcy's sale of his Syntronics stock to the ESOP. The return also reported on Schedule D a passthrough net short-term loss of $802,916 "from Schedule(s) K-1" and reported on Schedule E, Supplemental Income and Loss, a passthrough "Nonpassive loss from Schedule K-1" of $300,657. The return reported that EP was the passthrough entity that incurred the $300,657 loss, but the return did not identify the passthrough entity that incurred the $802,916 loss.

In full, petitioners' 2000 return reported total income of $236,934 from the following sources:

| | | |
|---|---:|---:|
| **[*6]** Wages, salaries, etc. | | $212,605 |
| Taxable interest | | 1,849 |
| Ordinary dividends | | 25,409 |
| Taxable refunds of | | |
| State and local income taxes | | 300 |
| Capital gain | | [1]279,573 |
| Supplemental income: | | |
| Rental income | 17,730 | |
| Nonpassive loss from EP | (300,657) | |
| Passive income from trust | 125 | (282,802) |
| Total income | | 236,934 |

[1]This amount equals the $1,080,531 gain on the sale of the Syntronics stock plus unrelated capital gain distributions totaling $1,958, less the $802,916 reported loss.

In the notice of deficiency, respondent disallowed the reported losses of $802,916 and $300,657, stating as follows:

A.   Capital Gain or Loss

The short term capital loss of $802,916 claimed on your 2000 income tax return is disallowed since you failed to establish that you incurred a loss in the amount claimed during the taxable year, and if incurred, the loss is deductible under any provision of the Internal Revenue Code.  In addition, you have failed to establish that deducting such loss is not limited by any provision of the Internal Revenue Code including, but not limited to, I.R.C. Sections 165, 183, 212, 465 and 704(d).  Accordingly your taxable income is increased by $802,916.

 *     *     *     *     *     *     *

D.   Schedule E--Income/Loss--Partnership/S-Corps--Non-Passive

The ordinary loss claimed on your 2000 tax return in the amount of $300,675 is disallowed since you failed to establish that you incurred

[*7] a loss in the amount claimed during the taxable year and, if incurred, the loss is deductible under any provision of the Internal Revenue Code.  In addition, you have failed to establish that any loss deduction is not subject to limitations by any provision of the Internal Revenue Code including, without limitations I.R.C. §§165(a), 183, 465 and 704(d).  Accordingly your taxable income is increased by $300,675.

E.    Investment in Evergreen Partners, GM Evergreen Investments, LLC and GM Evergreen Investors, Inc.

It is determined that the foregoing entities lack economic substance, were formed and availed of with the principal purpose of reducing your federal income tax liability in a fashion inconsistent with subchapter K and otherwise constitute shams for federal income tax purposes.  In addition, your investments in these entities were conducted without a profit motive and lack economic substance.  Accordingly, no deductions are allowed to you in connection with these entities.

Respondent also determined in the notice of deficiency that petitioners are liable for an accuracy-related penalty under section 6662(a) and (b)(1) and (2) for the underpayment resulting from the disallowance of the loss deductions.

OPINION

We must decide whether we have jurisdiction over this case so that we may enter a decision reflecting the parties' respective concessions.  We directed the parties to file memoranda setting forth their positions on this issue, and they have done so.  Both sides agree that we have jurisdiction to decide this case in its entirety.  Jurisdiction, however, is fundamental, and the parties cannot confer jurisdiction on the Court by their agreement.  See, e.g., Stewart v. Commissioner,

**[*8]** 127 T.C. 109, 112 (2006); Evans Publ'g, Inc. v. Commissioner, 119 T.C. 242, 247 n.5 (2002). Congress provides the bounds of our jurisdiction, see sec. 7442; Phillips Petroleum Co. v. Commissioner, 92 T.C. 885, 888 (1989), and we must assure ourselves that we have the requisite jurisdiction to decide a matter whenever our jurisdiction over that matter is subject to reasonable doubt, see Estate of Rosen v. Commissioner, 131 T.C. 75, 81 (2008). The Court, sua sponte, can question jurisdiction at any time. See Raymond v. Commissioner, 119 T.C. 191, 193 (2002). We always have jurisdiction to determine whether we have jurisdiction. See Frazell v. Commissioner, 88 T.C. 1405, 1411 n.7 (1987).

Petitioners timely petitioned the Court to redetermine the deficiency and the section 6662(a) accuracy-related penalty set forth in the notice of deficiency underlying this case. In an amended answer, respondent subsequently asserted an increase in the accuracy-related penalty under section 6662(h). Section 6213(a) empowers the Court to redetermine such a deficiency and any related penalties, see GAF Corp. & Subs. v. Commissioner, 114 T.C. 519, 521 (2000), absent a contrary provision in the Code. Because the deficiency and the accuracy-related penalty at issue are related to a purported partnership, the question arises whether section 6221 is such a contrary provision. Section 6221 generally requires that "any partnership item (and the applicability of any penalty, addition to tax, or additional

[*9] amount which relates to an adjustment to a partnership item) shall be determined at the partnership level"; that is, in a proceeding at the partnership level under the unified audit and litigation procedures of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, sec. 402(a), 96 Stat. at 648 (TEFRA procedures). See Randell v. United States, 64 F.3d 101, 103 (2d Cir. 1995); H.R. Conf. Rept. No. 97-760, at 599-600 (1982), 1982-2 C.B. 600, 662-663. Thus, pursuant to section 6221, "partnership item[s]" and the "applicability of any penalty * * * which relates to an adjustment to a partnership item" must be determined in a TEFRA proceeding involving the partnership; we lack jurisdiction to adjudicate "partnership item[s]" and related penalties in a deficiency proceeding such as this involving an individual partner. Maxwell v. Commissioner, 87 T.C. 783 (1986).

For purposes of section 6221, the term "partnership item" is defined by reference to a "partnership", see sec. 6231(a)(3), and the term "partnership" denotes "any partnership [other than a "small partnership" within the meaning of section 6231(a)(1)(B)] required to file a return under section 6031(a)", see sec. 6231(a)(1)(A) and (B).[6] Thus, with one relevant exception, the applicability of the TEFRA procedures to the Commissioner's adjustments requires a finding that the

---

[6]Sec. 6231(a)(1)(B) provides specifically that such a "small partnership" is not a "partnership" for purposes of the TEFRA procedures.

**[\*10]** entity whose items are being adjusted is a "partnership". The relevant exception is that TEFRA procedures also apply to an entity (or a purported entity) that is not a "partnership" if the entity (or the purported entity): (1) filed a partnership return for the year at issue and (2) would not have been a "small partnership" had it actually been a partnership. See secs. 6231(g), 6233; Petaluma FX Partners, LLC v. Commissioner, 131 T.C. 84, 92-93 (2008), aff'd in part, rev'd in part on another issue, 591 F.3d 649 (D.C. Cir. 2010); BCP Trading & Invs., LLC v. Commissioner, T.C. Memo. 2017-151, at \*62; Am. Milling, LP v. Commissioner, T.C. Memo. 2015-192, at \*21 n.19; 436, Ltd. v. Commissioner, T.C. Memo. 2015-28, at \*35-\*36; 6611, Ltd. v. Commissioner, T.C. Memo. 2013-49, at \*62; sec. 301.6233-1T(a), (c)(1), (d)(1)(i), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 6795 (Mar. 5, 1987); see also Huff v. Commissioner, 138 T.C. 258, 271 (2012) ("[B]ecause NASCO did not file a Federal partnership return and because NASCO is classified as a foreign corporation for Federal tax purposes, the TEFRA procedural rules do not apply."), rev'd on another issue, 743 F.3d 790 (11th Cir. 2014). The filing of a partnership return, even when an entity is not in fact a partnership, triggers the application of the TEFRA procedures unless the entity (or purported entity) is (or would have been) a "small partnership".

**[*11]** Section 6031(a) requires (with exceptions not applicable here) that an annual return be filed by every partnership within the meaning of section 761(a). Section 761(a) generally provides that any unincorporated entity (other than an estate or a trust) is a partnership if a business, financial operation, or venture is carried on through the entity. See also sec. 7701(a)(2); sec. 1.761-1(a), Income Tax Regs. Caselaw interprets the term "partnership" to require findings that "the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise", Commissioner v. Culbertson, 337 U.S. 733, 742 (1949), and persons to be partners must have "really and truly intended to join together ["their money, goods, labor, or skill"] for the purpose of carrying on business and sharing in the profits or losses or both", Commissioner v. Tower, 327 U.S. 280, 286-287 (1946). Federal law controls the characterization of an entity as a partnership for Federal income tax purposes, and the fact that an entity is or is not a partnership under applicable State or common law is of no concern. See Commissioner v. Tower, 327 U.S. at 287-288; Estate of Kahn v. Commissioner, 499 F.2d 1186 (2d Cir. 1974), aff'g Grober v. Commissioner, T.C. Memo. 1972-240; Luna v. Commissioner, 42 T.C. 1067, 1077 (1964).

Respondent determined in the notice of deficiency that EP, GMLLC, and GMEI "lack economic substance * * * and otherwise constitute shams for federal

[*12] income tax purposes" and that as a result no deductions were allowed to Mr. Marcy in connection with these entities. Thus it is respondent's position that EP is not a valid partnership for Federal income tax purposes. We are mindful that findings concerning the invalidity of a partnership for lack of economic substance are routinely made in partnership-level TEFRA proceedings that resulted from the entity's having filed a partnership return. See, e.g., United States v. Woods, 571 U.S. 31, __, 134 S. Ct. 557, 564 (2013); Southgate Master Fund, LLC v. United States, 659 F.3d 466 (5th Cir. 2011); Petaluma FX Partners, LLC v. Commissioner, 131 T.C. 84, 92-93 (2008). The question here, by contrast, is whether the Court has the requisite jurisdiction to make that finding in a non-TEFRA deficiency proceeding where the entity (or purported entity) did not file a partnership return for the year at issue. We conclude that we do.

As noted, we always have jurisdiction to determine whether we have jurisdiction. Determining whether we have jurisdiction in this case requires that we decide whether EP is a "partnership" subject to TEFRA procedures. If so, the disallowed loss deductions are "partnership item[s]", see sec. 6231; sec. 301.6231(a)(3)-1(a)(1)(i), Proced. & Admin. Regs., and section 6221 would deprive us of jurisdiction over them in this deficiency proceeding. Consistent with the general scheme of TEFRA, where a taxpayer in a non-TEFRA deficiency

[*13] proceeding seeks to demonstrate entitlement to deduct a loss from a passthrough entity that did not file a Federal partnership return for the year of the loss, the Court must decide in that proceeding whether the entity is a "partnership". See Huff v. Commissioner, 138 T.C. at 268-271 (deciding in a non-TEFRA deficiency proceeding that a limited liability company that did not file a Federal partnership return was not a "partnership" subject to TEFRA procedures); Lattin v. Commissioner, T.C. Memo. 1995-233 (to same effect); see also Buchsbaum v. Commissioner, T.C. Memo. 2002-138 (deciding in a non-TEFRA deficiency proceeding that a partnership was not a small partnership and holding that the Court thus lacked jurisdiction to determine whether the taxpayer incurred losses from the partnership); Alhouse v. Commissioner, T.C. Memo. 1991-652 (deciding in a non-TEFRA deficiency proceeding that a partnership existed, depriving the Tax Court of jurisdiction over adjustments in the notice of deficiency pertaining to partnership or affected items), aff'd, 12 F.3d 166 (9th Cir. 1993). EP did not file a partnership return at any time; thus, if we find that EP is not a "partnership", then the purported losses passed through to Mr. Marcy as a result of his interest in EP are not "partnership item[s]", nor are the penalties at issue related to an adjustment to a "partnership item". As a consequence, section 6221 would not preclude our jurisdiction to enter a decision reflecting the parties' concessions in this case.

[*14] At the commencement of trial, petitioners' counsel--after having indicated throughout pretrial proceedings that petitioners intended to contest the determination of the deficiency--stated that "we will stipulate to the notice of deficiency tax liability * * * [subject to a small basis adjustment that is not in dispute]. So that today all we are doing is a penalty part". Respondent's counsel thereupon sought clarification that "[p]etitioners are conceding the substantive adjustments set forth in the notice of deficiency * * * [subject to the aforementioned basis adjustment]." Petitioners' counsel offered no objection to respondent's counsel's characterization. The substantive adjustments in the notice of deficiency included the propositions that EP, GMLLC, and GMEI "lack economic substance * * * and otherwise constitute shams for federal income tax purposes." Petitioners' concession that EP is a sham without economic substance is fatal to a finding that it is a valid partnership for Federal income tax purposes.

Even apart from the foregoing concession, the evidence adduced at trial establishes, and our findings reflect, that EP's sole purpose was to effect the Son-of-BOSS transaction. There is no evidence that EP carried on any other business activity. Lacking a business purpose, EP would not constitute a partnership under established caselaw, which preconditions a finding of partnership status upon the existence of two or more partners who, acting with a business purpose, intended to

[*15] join together in the present conduct of an enterprise by combining their money, goods, labor, or skill for the purpose of carrying on that enterprise and sharing in the profits or losses or both.  See Commissioner v. Culbertson, 337 U.S. at 742; Commissioner v. Tower, 327 U.S. at 286-287.

We conclude that section 6221 does not limit our jurisdiction in this case because EP is not a partnership, nor did it file a Federal partnership return, for the year at issue.  Consequently, the purported loss deductions Mr. Marcy claimed as passthrough items from EP are not, within the meaning of section 6221, "partnership item[s]" and the penalties arising from respondent's disallowance of those deductions do not "relate[] to an adjustment to a partnership item".  We therefore hold that we have jurisdiction to enter a decision in this case redetermining the deficiency and penalty as determined in the notice of deficiency or increased by the assertion in the amended answer.

To reflect the parties' concessions,

Decision will be entered under

Rule 155.